J-S70036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN BRABHAM | |
| Appellant | No. 244 EDA 2015 |

Appeal from the PCRA Order December 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1206831-1993

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED MAY 02, 2016**

Benjamin Brabham filed a petition for allowance of appeal with our Supreme Court from our unpublished memorandum affirming the trial court's order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  The Supreme Court of Pennsylvania remanded the matter for further proceedings consistent with ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). Accordingly, we reverse and remand for resentencing.

In September 1994, Brabham was found guilty of second-degree murder and related charges.  Brabham was sixteen years old when he committed the offenses.  He was sentenced to life in prison without the

_____

[*] Retired Senior Judge assigned to the Superior Court.

possibility of parole.[1] Brabham filed a direct appeal; our Court affirmed his judgment of sentence. *See Commonwealth v. Brabham*, No. 3681 PHL 1994 (Pa. Super. filed Oct. 18, 1995). Brabham subsequently filed a petition for allowance of appeal to our Supreme Court which was denied on May 23, 1996. On October 10, 2000, Brabham filed a *pro se* petition for a writ of habeas corpus which the trial court treated as an untimely PCRA petition. The petition was dismissed in September 2001. Brabham filed an appeal from this decision and our Court affirmed the order. *Commonwealth v. Brabham*, 2929 EDA 2001 (filed Aug. 9, 2002).

On April 29, 2005, Brabham filed the instant *pro se* PCRA petition; appointed counsel filed several amended petitions. In one of his amended petitions, Brabham asserted that pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012),[2] his life sentence is illegal. On December 14, 2014, the court denied PCRA relief without a hearing. Brabham filed a timely notice of appeal and our Court affirmed the PCRA court's denial of his petition, finding that, among other things, he is not entitled to relief under *Miller* where his petition was

_____

[1] Verdicts without further penalty were imposed on the remaining robbery and conspiracy charges.

[2] In *Miller*, the Supreme Court held that sentencing juveniles, under the age of 18 at the time they committed a homicide offense, to mandatory life imprisonment without the possibility of parole is a violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

untimely, he did not prove an exception to the PCRA's time bar provisions, and where *Miller* does not apply retroactively to cases on collateral appeal under *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013).[3]

On December 15, 2015, Brabham petitioned our Supreme Court for allowance of appeal. On April 19, 2016, the Pennsylvania Supreme Court vacated our Court's disposition and remanded the matter to this Court for further proceedings consistent with *Montgomery*.[4]

After the United States Supreme Court's holding in *Montgomery*, *Cunningham's* holding that *Miller* cannot be applied retroactively is no longer good law in Pennsylvania. *See Commonwealth v. Secreti*, 2016 PA Super 28 (Pa. Super. 2016) (interpreting *Montgomery* as making retroactivity under *Miller* effective as of the date of the *Miller* decision).

Here, the trial court sentenced Brabham, who was a juvenile at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of parole. In light of the United States Supreme Court's recognition in *Miller* that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent

---

[3] In *Cunningham*, the Pennsylvania Supreme Court determined that the *Miller* holding does not apply retroactively to an inmate, serving a life sentence without parole, who has exhausted his direct appeal rights and is proceeding under the PCRA.

[4] The Supreme Court denied Brabham's petition for allowance of appeal in all other respects. *See* Supreme Court Remand Order, 4/19/16.

retroactive application of **Miller** in **Montgomery**, we reverse the trial court's order and remand for resentencing.

Order reversed. Remanded for resentencing. Jurisdiction relinquished.

DONOHUE, J., Did not participate in the consideration or decision of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2016